USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _10-4-19_

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH GARCIA,<br><br>      Petitioner,<br><br>-against-<br><br>THOMAS GRIFFIN & ERIC T. SCHEIDERMAN,<br>      Respondents. | 16-cv-2584 (ALC)<br><br>**OPINION AND ORDER** |

ANDREW L. CARTER, JR., **United States District Judge**:

  Petitioner Joseph Garcia ("Petitioner"), proceeding *pro se*, files this Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his convictions for petit larceny, in violation of N.Y. Penal Law § 155.25, second-degree robbery, in violation of N.Y. Penal Law § 160.10, and first-degree burglary, in violation of N.Y. Penal Law § 140.30.

  The case was referred to Magistrate Judge Robert W. Lehrburger, who issued a Report and Recommendation (the "R&R"), recommending that the Court deny the Petition.

  Petitioner subsequently filed objections to the R&R (the "Objections") with requests for an evidentiary hearing and release, which the Court has considered. For the reasons set forth below, the Court adopts the R&R in its entirety and denies Petitioner's requests for habeas relief.

## BACKGROUND

  The Court assumes familiarity with the background and procedural history as set forth in the R&R and briefly recounts facts relevant to the present objections.

COPIES MAILED

1

Petitioner Joseph Garcia was charged with petit larceny and second-degree burglary in connection with an attack against Yu Wang Jing on December 18, 2008;[1] first-degree burglary and attempted second-degree robbery in connection with an attack against Roela Caparas on December 20, 2008; and first-degree robbery and two counts of second-degree robbery for attacks in Broadway Spa on Min Woo Park, Hyun Shin, and Michelle Lee on December 22, 2008. R&R at 2, 6.

Prior to trial, Garcia filed motions to sever the Jing and Caparas attacks from the Broadway Spa robbery and challenge his lineup as unduly suggestive pursuant to *United States v. Wade*, 388 U.S. 218 (1967) because he was the only individual in the lineup with a braided hairstyle—a feature some victims used to identify him to detectives. R&R at 6. Both motions were denied.

During trial, Caparas, Jing, Park, Shin, and Lee identified Garcia. On the morning Caparas was set to testify, outside of the presence of the jury, she told the prosecutor she thought she saw her attacker in line outside of the court house. *Id.* at 7. Garcia was incarcerated at the time. Caparas' misidentification was presented to the jury at trial.

At the charging conference, the judge ruled that he would give a modus operandi charge, permitting the jury to consider the similarities between the Jing and Caparas attacks as probative of identity. *Id.*

The jury ultimately acquitted Garcia of the first-degree robbery charge involving the Broadway Spa incident and convicted him of all other counts. *Id.* at 8. He was sentenced to o an aggregate term of 37 years. *People v. Joseph Garcia*, 120 A.D.3d 406, 407, 990 N.Y.S.2d 415

---

[1] Garcia was originally charged with first-degree robbery and first-degree burglary related to the Jing attack. Those charges were reduced following Garcia's motion because there was no evidence of use or threatened use of a dangerous instrument. R&R at 6.

(2014). His conviction was affirmed by the Appellate Division, First Department on August 7, 2014, *see id.*, and his conviction became final ninety days after the New York Court of Appeals denied leave to appeal on April 13, 2015. *People v. Garcia*, 25 N.Y.3d 989, 989 (N.Y. 2015).

On April 5, 2016, Garcia filed a habeas petition in this Court, seeking a writ of habeas corpus, contending that the trial court erred in: (1) denying his severance motion; (2) in instructing the jury that it could consider the similarities between the Jing and Caparas incidents to establish identity; (3) denying Garcia's suppression motions with respect to (a) physical evidence, (b) arrest without probable cause, and (c) an unduly suggestive lineup; (4) allowing trial on a jurisdictionally defective and unconstitutional indictment; and (5) prosecutorial misconduct through the presentation of false identification evidence. ECF No. 1. On September 23, 2016, the Court referred this case to Magistrate Judge Debra C. Freeman for a report and recommendation. ECF No. 20. On November 8, 2017, the referral was reassigned to Magistrate Judge Robert W. Lehrburger.

Judge Lehrburger recommended that Garcia's petition be denied on May 8, 2018. ECF No. 24. Judge Lehrburger concluded that: 1) his severance[2] and *modus operandi*[3] claims were procedurally defaulted and meritless; 2) Petitioner's misleading lineup claim was procedurally barred and meritless;[4] 3) Garcia's suppression claim lacked merit because the state court

---

[2] Judge Lehrburger determined that (1) his severance claim was procedurally defaulted because (a) he did not raise a federal claim in the Appellate Division or Court of Appeals, (b) he is now procedurally barred because he lacks a state forum in which to raise his federal claim, and (c) he has not shown cause for the default and prejudice; and (2) his claim fails on the merits because there is no indication that the Appellate Division's decision that failure to sever did not render the trial fundamentally unfair was not unreasonable, and Garcia did not suffer actual prejudice.
[3] Lehburger found his *modus operandi* claim a) procedurally defaulted because, while Garcia raised a federal claim in his counseled brief before the Appellate Division he did not raise the claim before the Court of Appeals and b) in any event it is meritless because, even if the jury charge was improper, it did not infect the entire trial so as to rise to a constitutional violation.
[4] Judge Lehrburger first ruled that Garcia's line-up challenge is procedurally barred because Petitioner never presented his most compelling claim—that Jing and Caparas cited Garcia's braids as a distinguishing characteristic—to the judge at the *Wade* hearing. R&R at 25. At that hearing, instead, the evidence suggested that no witness identified Garcia's hair as a distinguishing characteristic. *Id.* at 25. Despite evidence to the contrary at trial, Garcia did not move to reopen the *Wade* hearing or for a mistrial. Because the evidence was developed at trial, not at

procedures followed were adequate; 4) Garcia's Fifth and Sixth Amendment rights were not violated[5]; and 5) Garcia's prosecutorial misconduct claim should be dismissed because the prosecutors did not "so infect the trial with unfairness" as to deny him due process. R&R at 38 (citing *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

Garcia filed objections to the R&R on May 30, 2018 and June 6, 2018. ECF Nos. 25-27. While listing twenty-five separate objections, Petitioner essentially objects to the denial of his habeas claims based on all the allegations raised in his petition. He also objects on the grounds that (1) he is innocent; (2) his claims are not procedurally barred because his innocence and incarceration equate to a miscarriage of justice; and (3) the Court should order an evidentiary hearing, grant his petition and order his release. Respondent did not file any objections.

The Court considers this matter fully submitted.

## STANDARD OF REVIEW

A petitioner seeking habeas corpus relief must show that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The petitioner thus has the burden of proving, by a preponderance of the evidence, that his federal

---

a *Wade* hearing, it was not properly raised for consideration. R&R at 25-26; *see Stewart v. Lee*, no. 09-cv-4374, 2014 WL 3014608, at *4 (E.D.N.Y. July 3, 2014). Further, Judge Lehrburger determined that, while Garcia raised this argument in his *pro se* brief to the First Department, since there is no indication that the First Department considered the claim on the merits, it cannot cure the defect. R&R at 26; *see Stewart*, 2014 WL 3014608, at *4. With respect to the merits, the Court determined that witnesses described enough other features that it could not conclude that the braids "so stood out from all of the others as to suggest to an identifying witness that that person was more likely to be the culprit." R&R at 28 (citing *Wong*, 40 F.3d at 1359-60). Further, issues with the lineup were properly presented to the jury.

[5] Petitioner argued that his Fifth Amendment right to a grand jury indictment was violated when charges against him were reduced without the issuance of a new indictment. Judge Freeman dismissed this argument because there is no right to a grand jury or trial by indictment in state court proceedings. R&R at 31. Petitioner also argued his Sixth Amendment rights were violated because the indictment did not expressly include the lesser-included charges. Judge Freeman determined that this claim was procedurally defaulted because trial counsel did not object at trial, even though it was raised before the Appellate Division. R&R at 32. Further, Judge Freeman held, the indictment was not defective because lesser-included offenses need not be explicitly charged. *Id.* at 34.

rights have been violated. *See Jones v. Vacco*, 126 F. 3d 408, 415 (2d Cir. 1997) (citation omitted).

When reviewing a magistrate judge's report and recommendation, a district judge may "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files a timely objection, the district court is required to make a *de novo* determination concerning those parts of the report. *Id.* While a district judge has "discretion to consider additional *evidence* after a magistrate judge has issued her report," the judge "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (collecting cases). Indeed, if a party makes conclusory or general objections to the report and recommendation, or merely reiterates its previous position, the court reviews the report only for clear error. *Taylor v. Brown*, No. 08-cv-8403, 2012 WL 607621, at *2 (S.D.N.Y. Feb. 24, 2012).

A *pro se* party's objections are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-cv-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks and citations omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Serv.*, 06-cv-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

## DISCUSSION

I.  **Petitioner's Objections Are Untimely**

5

The R&R advised the parties that they had 14 days from service of the R&R to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. R&R at 41. In addition, it expressly called Petitioner's attention to Rule 72(b) of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1). *Id.* Judge Lehrburger issued the R&R on May 8, 2018 and the deadline for filing objections was May 22, 2018. ECF No. 24. Garcia filed his objections on May 30, 2018 and June 6, 2018 respectively. Accordingly, Petitioner waived the right to object to the R&R or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008). However, considering Petitioner's *pro se* status and his otherwise diligence throughout this litigation, his objections, though untimely, will be considered.

## II. Petitioners Objections Are Without Merit

Petitioner lists twenty-five Objections to Lehrburger's R&R in each filing. However, he simply repeats the same arguments presented in his Petition, without addressing, or referring to, Judge Lehrburger's recommendations. Indeed, even construing Petitioner's *pro se* objections with all due leniency, Petitioner generally raises only (1) general objections that seek to relitigate its previous position or (2) new claims that were not raised before the magistrate judge. Accordingly, "the Court is only obliged to review the Report for clear error." *Ortiz*, 558 F. Supp. 2d at 452. Nevertheless, in an abundance of caution, the Court reviewed Petitioner's objections *de novo* and found Judge Lehrburger's R&R to be thorough, well-reasoned and grounded in fact and law. Garcia objects to Lehrburger's decision in general terms and offers no specific disagreements with the analysis. *See* Obj at 2. The Court has considered Garcia's strongest possible arguments and concludes that they are without merit. *See United States v. Freeman*, 443

F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)) ("[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely.") Thus, the Court adopts Judge Lehrburger's report in its entirety.

### III. Petitioner's New Claims

Petitioner now asserts that: 1) he is innocent; 2) his claims are not procedurally barred because his innocence and incarceration equates to a miscarriage of justice; and 3) the Court should order an evidentiary hearing, grant his petition and release him. *See* Obj. 2. Essentially, to be granted such relief, Petitioner must reach the high bar of demonstrating his actual innocence. For the reasons that follow, Petitioner falls short.

#### A. Legal Standard

As a threshold matter, "new claims may not be raised properly at this juncture," so any "new claims, presented in the form of, or along with, 'objections,' should be dismissed." *Pierce v. Mance*, No. 08 Civ. 4736 (LTS) (KNF), 2009 U.S. Dist. LEXIS 52664, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009); *see also Gonzalez v. Garvin*, No. 99 Civ. 11062, 2002 U.S. Dist. LEXIS 7069, 2002 WL 655164, at *2 (S.D.N.Y. Apr. 22, 2002) (dismissing the petitioner's objection "because it offers a new legal argument that was not presented in his original petition, nor in the accompanying Memorandum of Law.") Nevertheless, in an abundance of caution, the Court reviewed Petitioner's new claims based on his alleged actual innocence.

#### B. Actual Innocence

In "extraordinary case[s]," a court may review procedurally defaulted habeas claim to avoid a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 321, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); *see also Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (explaining that in

"extremely rare" cases, "a petitioner may use his claim of actual innocence as a 'gateway, or a means of excusing his procedural default, that enables him to obtain review of his constitutional challenges to his conviction" (internal quotation marks omitted)). However, this exception is limited to situations where a petitioner presents a claim of actual innocence. *See Schlup*, 513 U.S. at 321 (noting that this exception is "explicitly tied" to the petitioner's innocence). An actual innocence claim must be both credible and compelling. *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012). To be credible, petitioners must support the claim with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* "For the claim to be compelling, the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt". *Id.*

Here, Petitioner states that, "[o]n December 18, 2008, I did not commit no crimes against Yu Wang Jing" and "[o]n December 20, 2008, I did not commit no crimes against Roela Caparas." *See* ECF No. 27. Petitioner offers no additional evidence to support these claims. The Court cannot, therefore, conclude that "more likely than not, in light of the new evidence, no reasonable juror would find [Petitioner] guilty beyond a reasonable doubt," and thus Petitioner has not demonstrated "actual innocence" that would merit consideration of Petitioner's procedurally barred habeas claims. *Rivas*, 687 F.3d at 541 (internal quotation marks omitted). Accordingly, the Court rejects Petitioner's objections based on his actual innocence claim.

## CONCLUSION

For the reasons stated above, Judge Lehrburger's Report and Recommendation is adopted in full, and Petitioner's Petition for Writ of Habeas Corpus is denied in its entirety, and dismissed with prejudice. Petitioner's motions for an evidentiary hearing and discovery are also DENIED

as they are now moot. The Clerk of the Court is respectfully directed to enter judgment in favor of the Respondent and to close the case.

**SO ORDERED.**

**Dated:** October 4, 2019

**New York, New York**

**United States District Judge**

HON. ANDREW L. CARTER, JR.