USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: April 22, 2021

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**JOSPEH GARCIA,**

                  **Petitioner,**

-against-

**THOMAS GRIFFIN,**

                  **Respondent.**

**16-CV-2584 (ALC) (RWL)**

**MEMORANDUM AND ORDER**

**ANDREW L. CARTER, JR., District Judge:**

      Petitioner Joseph Garcia ("Petitioner"), who is proceeding *pro se*, brought this petition for a writ of habeas corpus. Before the Court is Petitioner's motion for relief from judgment pursuant to Rule 60(d)(3) of the Federal Rules of Civil procedure and Petitioner's motion to reopen the case. ECF Nos. 40, 45. After careful consideration, Petitioner's motions are DENIED.

**BACKGROUND AND PROCEDURAL HISTORY**

      The Court assumes familiarity with the background and procedural history of this case and briefly recites the facts relevant to this motion.

      On May 8, 2018, Judge Lehrburger recommended that Petitioner's petition be denied. ECF No. 24. Judge Lehrburger concluded that: 1) his severance and *modus operandi* claims were procedurally defaulted and meritless; 2) Petitioner's misleading lineup claim was procedurally barred and meritless; 3) Petitioner's suppression claim lacked merit because the state court procedures followed were adequate; 4) Petitioner's Fifth and Sixth Amendment rights were not violated; and 5) Petitioner's prosecutorial misconduct claim should be dismissed because the prosecutors did not "so infect the trial with unfairness" as to deny him due process. R&R at 38 (citing *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)).

The Court adopted Judge Lehrburger's R&R in full on October 4, 2019. ECF No. 33. Petitioner now seeks relief from judgment, arguing that there has been fraud upon the Court as the Report and Recommendation failed to consider Petitioner's traverse to answer. ECF No. 19.

## DISCUSSION

As a preliminary matter, the Court notes that Petitioner, as *a pro se* litigant, is entitled to the Court liberally construing his briefs and reading his submissions as raising the strongest arguments that they suggest. *See O'Neal v. Spota*, 744 F. App'x 35, 36 (2d Cir. 2018) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)) ("[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.").

Rule 60(d)(3)[1] permits a Petitioner to bring an independent action challenging an earlier judgment as caused by fraud on the court. Fed. R. Civ. P. 60(d)(3). A fraud upon the court occurs where it is established by clear and convincing evidence "that a party has set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense." *New York Credit & Fin. Mgmt. Grp. v. Parson Ctr. Pharmacy, Inc.*, 432 Fed. Appx. 25 (2d Cir. 2011) (summary order) (quoting *Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425, 439 (S.D.N.Y. 2002)) (internal quotation marks omitted); *McMunn v. Mem'l Sloan–Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002); *see also Hargrove v. Riley*, No. 04 Civ. 4587, 2007 WL 389003, at *11 (E.D.N.Y. Jan. 31, 2007); *Shangold v. Walt Disney Co.*, No. 03 Civ. 9522, 2006 WL 71672, at *4 (S.D.N.Y. Jan. 12, 2006) (dismissing plaintiff's case with prejudice

---

[1] The Court notes that Respondent's response considered Petitioner's motion under Rule 60(b)(3); however, Petitioner's filing explicitly references Rule 60(d)(3) for fraud upon the Court. *See* ECF Nos. 40, 45. In any event, the Court shall consider Petitioner's allegations under Rule 60(b)(3) as well.

where plaintiff fabricated evidence and manipulated the judicial process); *Intelli–Check, Inc. v. TriCom Card Techs., Inc.*, No. 03 Civ. 3706, 2005 WL 3533153, at *11 (E.D.N.Y. Dec. 22, 2005).

A movant claiming fraud upon the court bears the burden of proving the sanctionable conduct by "clear and convincing evidence." *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 393–94 (S.D.N.Y. 2010). Under this high standard, the Court may only find a fraud upon the court based on evidence that "produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Blair v. Inside Ed. Prods.*, 7 F. Supp. 3d 348, 358 (S.D.N.Y. 2014). Thus, the proof must be "highly probable" and "leave[ ] no substantial doubt." *Waran v. Christie's Inc.*, 315 F. Supp. 3d 713, 718–19 (S.D.N.Y. 2018) (quoting *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 123 (2d Cir. 2013)).

The type of fraud upon the court that can sustain an independent action under Rule 60(d) is "narrower in scope" than fraud upon the court claims brought under Rule 60(b), which allows for claims brought during the course of litigation. *LinkCo, Inc. v. Naoyuki Akikusa*, 367 F. App'x 180, 182 (2d Cir. 2010). Rule 60(d) fraud upon the court claims are available only where the fraud "seriously affect[s] the integrity of the normal process of adjudication." *Id.* (internal quotation marks and alterations omitted). In short, independent actions for fraud upon the court are available only to "prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 46 (1998).

Petitioner provides no evidence to meet the stringent standard of fraud upon the Court. Petitioner asserts that the Report and Recommendation failed to consider Petitioner's traverse to answer. Assuming *arguendo* that Petitioner's assertion is true, this would not amount to fraud upon the Court. Petitioner fails to offer any evidence of "fraud on the court" within the meaning of Rule

60(d). Fed. R. Civ. P. 60(d)(3). Indeed, Petitioner's allegations of fraud upon the court are conclusory at best, *see* ECF No. 45 ("I have provided clear and convincing evidence of fraud on the court itself and clearly established herein fraud on the court involved corruption of the judicial process itself[.]") Moreover, Petitioner had the opportunity to present this specific objection in his objections to Magistrate Judge Lehrburger's Report and Recommendation and failed to do so.

Additionally, even if the Court considered Petitioner's allegations under Rule 60(b)(3), which provides for relief from judgment where there is "fraud, . . . misrepresentation or misconduct by an opposing party," Petitioner would still not be entitled to relief from the Court's final judgment under that provision. Petitioner cannot rely on Rule 60(b)(3) because this provision applies only to "fraud . . . or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3) (emphasis added), not fraud or misconduct by the Court itself. Petitioner failed to provide any material misrepresentations from Respondent in this action. Therefore, Petitioner has failed to provide allegations sufficient to provide relief from judgment under Federal Rules of Civil Procedure 60(d)(3) or 60(b)(3).

## CONCLUSION

Accordingly, Petitioner's motions for relief from judgement and to reopen the case are denied. This resolves ECF Nos. 40, 45.

**SO ORDERED.**

**Dated:** April 22, 2021
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**